{¶ 20} I respectfully dissent from the majority opinion in this case.
{¶ 21} It should be noted that this case deals with the exact same parking lot signage that was successfully challenged in the Berry case. In response to Berry, signs fully conforming to the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD") were subsequently erected. Despite legitimate signs in full conformity with relevant regulations and a driver who violated the sign, the majority holds that the officer nevertheless lacked "reasonable articulable suspicion" to make the traffic stop.
{¶ 22} Under the reasoning of the majority, the officer lacked "reasonable articulable suspicion" because the new signs were apparently never officially reauthorized by the city of Bowling Green. It is unreasonable to expect that an officer on patrol will have specific knowledge on whether or not conforming traffic signs have received official municipal authorization. On the contrary, absent evidence to suggest a sign may be counterfeit, it is logical for the officer to believe the sign would not be present without proper authorization. Thus, the officer clearly possessed the minimal objective justification to initiate the investigative stop. Accordingly, regardless of whether the state of Ohio could satisfy the "beyond a reasonable doubt" standard for the suspected sign violation, there was "reasonable articulable suspicion" to warrant the stop. Therefore, I would find in favor of appellee, and respectfully dissent.